UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRETT LAINE,                                  Civil File No. 07-3509 (MJD/AJB)

           Petitioner,

    v.                                         **REPORT AND RECOMMENDATION**

JESSE SYMMES,

           Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. He is serving a life sentence that was imposed by the State District Court for St. Louis County, Minnesota, after a jury found him guilty of first degree murder.

Petitioner has challenged his conviction by filing a direct appeal in the Minnesota Supreme Court. According to the ensuing Supreme Court opinion in the case, Petitioner raised the following six issues in his appeal:

"1. Was the evidence sufficient to support [Petitioner's] conviction of first-degree domestic abuse murder?

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

2. Did the district court's jury instruction regarding the state's burden of proof on the 'past pattern of domestic abuse' element of first-degree domestic abuse murder constitute plain error requiring a new trial?

3. Did the district court commit reversible error when it denied [Petitioner's] motion to bifurcate the trial so that the jury would not hear any evidence of a past pattern of domestic abuse until and unless the jury found the other elements of first-degree domestic abuse murder beyond a reasonable doubt?

4. Did the district court's cautionary instruction concerning the limited purpose of evidence of past domestic abuse constitute plain error requiring a new trial?

5. Did the district court commit reversible error in the manner in which it answered the jury's question about lesser-included offenses?

6. Were the jury verdicts legally inconsistent?"

State v. Laine, 715 N.W.2d 425, 430 (Minn. 2006).

The Minnesota Supreme Court considered and rejected all of the claims that Petitioner raised on his direct appeal, and affirmed his conviction. Id. at 430-35.

Petitioner has also challenged his conviction in a state post-conviction motion filed in the trial court. (Petition, [Docket No. 1], p. 2, ¶ 11.) He describes his post-conviction claims as "ineffective assistance of counsel," and "denial of due process." (Id.) Petitioner's post-conviction motion was denied by the trial court, (without an evidentiary hearing), and he did not appeal that ruling. (Id., p. 3, ¶s 11(a)(4),(5) and 11(c).)

On July 24, 2007, Petitioner filed his present petition for a writ of habeas corpus under 28 U.S.C. § 2254. This petition lists four claims for relief, which are described (verbatim and in their entirety) as follows:

"1. Ineffective Assistance of Counsel;

2. Newly Discovered Medical Evidence;

3. Unconstitutionality of State Statute; [and]

2

4.  Denial of Confrontation."

(Id., p. 4, ¶ 12.)

For the reasons discussed below, the Court finds that none of Petitioner's habeas corpus claims can be entertained at this time.

## II.  DISCUSSION

It is well-established that a federal court cannot entertain a petition for a writ of habeas corpus on behalf of a state prisoner, unless he has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

To exhaust his state court remedies, a habeas petitioner must fairly present all of his federal constitutional claims to the state courts before seeking relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66.  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  The United States Supreme Court has expressly held that the exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process.  See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair

3

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  Thus, a Minnesota state prisoner must present his claims for relief to the Minnesota Supreme Court, before his claims can be entertained in a federal habeas corpus proceeding.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state court remedies requirement, because none of his current claims for relief has been fairly presented to the Minnesota Supreme Court.  Although Petitioner's description of his current claims is inexplicably brief, it is nevertheless clear that these four claims are wholly different from the six claims that were raised in his direct appeal to the Minnesota Supreme Court.  None of the claims presented here bears any resemblance to any of the six claims that the Minnesota Supreme Court considered on Petitioner's direct appeal.  Thus, the Court finds that Petitioner has not exhausted his state court remedies for any of the four claims listed in his current habeas petition.[2]

Because the exhaustion of state court remedies requirement has not been satisfied,

---

[2]  The Court recognizes that one of Petitioner's current claims, namely "ineffective assistance of counsel," may have been raised in his post-conviction motion.  But even if he did raise his current ineffective assistance claim in his post-conviction motion, that claim is still unexhausted, because it was never presented to the Minnesota Supreme Court.

the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of

The Rules Governing Section 2254 Cases.  The Court will recommend that this case be

dismissed without prejudice, so that Petitioner's claims for relief can be brought back to

federal court, if necessary, after all such claims have been fairly presented to, and decided

on the merits by, the Minnesota state courts – including the Minnesota Supreme Court.

See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[3]

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily

**DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

---

[3] The present petition indicates that Petitioner "will soon file [a] second petition for post conviction," (Petition, p. 5, ¶ 14), which presumably will afford him an opportunity to attempt to exhaust his presently unexhausted claims.  However, if Petitioner does attempt to exhaust his state court remedies, and then return to federal court with a new habeas petition, he should be mindful of the following:  First, in order to satisfy the exhaustion of state court remedies requirement imposed by § 2254(b), all of his federal constitutional claims must be fairly presented to, and decided on the merits by, the Minnesota Supreme Court.  Second, if the state courts refuse to adjudicate any claim on the merits, pursuant to any established state procedural rule, that claim will be procedurally defaulted for federal habeas purposes.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994) ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.  Third, federal habeas corpus petitions are subject to a one-year statute of limitations, (which is tolled while properly initiated state post-conviction proceedings are pending).  See 28 U.S.C. § 2244(d).

DATED: August 1, 2007

                                        __ Arthur J. Boylan _____
                                          ARTHUR J. BOYLAN
                                          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 16, 2007.